IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
FORT LAUDERDALE DIVISION

CASE NO.: 0:23-cv-62228-RLR

(Lower Tribunal Case No. 22-15694-SMG)

**PATRICK DALY, ELIZABETH DALY, ALL PAVING AND SEALCOATING, LLC, and PATRICK DALY AND ELIZABETH DALY AS THE MAJORITY SHAREHOLDERS OF ALL PAVING, INC.,**

    Appellants,

v.

**DAREN C. DALY**,

    Appellee.

## APPELLANTS' MOTION TO CONSOLIDATE APPEALS

Appellants, Patrick Daly, Elizabeth Daly, All Paving and Sealcoating, LLC, and Patrick Daly and Elizabeth Daly as the majority shareholders of All Paving, Inc., by and through undersigned counsel and pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedure and Local Rule 87.4 (2023), file *Appellants' Motion to Consolidate Appeals* (the "*Motion*") and as grounds therefore, state as follows:

*Case No.: 0:23-cv-62228-RLR*

## **Factual and Procedural Background**

The claims involved in this bankruptcy appeal as well as the appeal in the adversary proceeding described below[1] arise out of a dispute involving the ownership of All Paving, Inc. and whether Appellants are creditors of Appellee. Appellee filed for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) on July 26, 2022 (the "Daren Daly Bankruptcy Case"), claiming ownership of All Paving, Inc. as an asset of the estate. Appellants filed a proof of claim in the Daren Daly Bankruptcy Case claiming ownership of the stock and damages. Appellants also filed an adversary proceeding objecting to the dischargeability of the debt under various subsections of 11 U.S.C. § 523 (a). Adv. Proc. No. 22-1391-SMG (the "Adversary Proceeding"). On November 8, 2023, after a multi-day trial, which combined the issues in the Daren Daly Bankruptcy Case with the Adversary Proceeding, the Bankruptcy Court rendered its *Memorandum Opinion* in the Daren Daly Bankruptcy Case, (the "*Main Case Opinion*"), [Bankr. Ct. ECF No. 190](Attached to the notice of appeal in this matter at Dkt. 1),[2] which addressed the issue of stock ownership and Appellants' proof of claim, as did the *Order Determining Ownership of Stock in All Paving, Inc.*

---

[1] Case No. 0:23-cv-62227-AMC, pending in the United States District Court for the Southern District of Florida.
[2] The Opinions, Orders and Judgments referenced in this Motion are part of Docket Entry #1 in each District Court Appeal case.

and (II) Sustaining Debtor's Objection to Claim No. 13-1 [Bankr. Ct. ECF No. 191](the "*Stock Ownership Order*"). Appellants, by virtue of this appeal, seek reversals of the *Main Case Opinion* and *Stock Ownership Order*.

In addition to the instant appeal and directly related thereto is the appeal (Case No. 23-cv-62227) in the Adversary Proceeding in which the Bankruptcy Court entered the identical *Memorandum Opinion* entered in the Daren Daly Bankruptcy Case [Adv. Proc. ECF No. 185](see Notice of Appeal in Case No. 23-cv-62227, Dkt. 1. The opinion serves as the findings and conclusions underlying the *Final Judgment* entered in the adversary proceeding. [Adv. Proc. ECF No. 186 and 187]. .

Because of the complete overlap of the facts and law, and the identity of the parties, the contested matters arising in the Daren Daly Bankruptcy Case were litigated in a consolidated manner and in the same trial as the Adversary Proceeding, resulting in the Bankruptcy Court's rendition of its identical decision in both cases on November 8.

Appellants assert that the appeal of the adversary proceeding should be consolidated into this appeal of the identical decision entered in Appellee's main bankruptcy case. The primary issues in dispute pertain to the ownership of the stock claimed by the Debtor as property of the estate and the extent and existence of Appellants' creditor claims in the Daren Daly Bankruptcy Case. Such issues are part of the larger bankruptcy case and directly relate to the ultimate decisions regarding

confirmation of a plan. It is therefore logical for the appeal of the Adversary Proceeding which was decided as a result of the Court's determination of the threshold issues in the main case to be consolidated into this appeal arising out of the main bankruptcy case.

## Memorandum of Law

The consolidation of proceedings is governed by Rule 42(a) of the Federal Rules of Civil Procedure which states as follows:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a)(1), Fed.R.Civ.P.

And, Rule 8003(b)(2) of the Federal Rules of Bankruptcy Procedures provides that when the parties have filed separate notices of appeal, the district court may join or consolidate the appeals. Although not directly on point in the case at bar, generally dealing with the situation when there are cross-appeals, it is nevertheless collateral support for consolidating the adversary appeal into this appeal.

In the instant appeal and the appeal in the adversary proceeding, the parties are identical, as are nearly all of the issues, and the issue of stock ownership as well as the allowance or objection to Appellants' claim were the center of focus in the

main bankruptcy case, and were thus the threshold issues in the adversary proceeding. *See*, *Memorandum Opinion* at 8. It would be inefficient and ineffective to have separate appeals resulting from the same determination of fact and law which was made in the main bankruptcy case. It is accordingly appropriate to consolidate the two appeals. *Frantz v. Idaho Indep. Bank (In re Frantz)*, 2018 U.S. Dist. LEXIS 92384, *3-4 ("consolidating the cases will better utilize judicial resources" when "[t]he Appellants and Appellees are the same in all [of the] cases and the three orders Appellants are appealing are from the same underlying Bankruptcy proceedings."); *see also*, *Buczek v. Keybank N.A.*, 2022 U.S. Dist. LEXIS 152400, *2 (holding that "where the relevant orders being appealed from concern the same facts, involve the same or similar parties, and were issued by the same judge, consolidation is appropriate." [citations omitted]); and *Fisher Island Invs., Inc. v. Solby+Westbrae Partners*, 778 F.3d 1172, 1176-1177 (finding it warranted to consolidate appeals in a bankruptcy proceeding in which the issue of stock ownership was material to both appeals).

## Local Rule 7.1(a)(3) Certification

Counsel for Appellants has conferred with Appellee in a good faith effort to resolve the issues raised in this *Motion* and although Appellee does not agree with all of the factual statements made by Appellants, Appellee does not oppose the relief sought herein.

Case No.: 0:23-cv-62228-RLR

WHEREFORE, Appellants, by and through undersigned counsel, request that this Honorable Court grant this *Motion,* consolidate the appeal in the Adversary Proceeding with this appeal in the Daren Daly Bankruptcy Case and grant Appellants any further relief this Honorable Court deems just and proper.

Dated this 1st day of December, 2023.

**LORIUM LAW**
*Attorneys for Appellants*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile:  (954) 462-4300

By: /s/ Chad P. Pugatch
    Chad P. Pugatch
    Fla. Bar No. 220582
    Craig A. Pugatch, Esq.
    Fla. Bar No. 653381

## Certificate of Service

I certify that a true copy of the foregoing has been furnished on this 1st day of December, 2023 on Monique D. Hayes, Esq., and Isaac M Marcushamer, Esq., DGIM Law, PLLC, 2875 NE 191st Street, Suite 705, Aventura, FL 33180; monique@dgimlaw.com and isaac@dgimlaw.com.

/s/ Chad P. Pugatch
Chad P. Pugatch

7928.001